Edward A. Lipton et al., Appellants, *v.* Winfield R. Bruce, Respondent.

Third Department, July 7, 1955.

*Joe Schapiro* for appellants.

*Richard N. Ames* for respondent.

IMRIE, J. About 1856 the State of New York constructed De Ruyter Reservoir, located principally in the town of De Ruyter, Madison County, as a water supply for the canal system. The surveyed and mapped irregular outline of the lands acquired for reservoir purposes is designated as the " blue line ". Not all the land within the blue line was flooded. On a point of such land extending into the reservoir, Dr. Clarence E. Coon had constructed a summer cottage and in 1919 was occupying and using the cottage and the land with it. At that time his mother, Sarah J. Coon, was and had been the owner of a farm easterly of her son's cottage and extending from the blue line to the highway. On December 1, 1919, she conveyed to Clarence a nine-foot strip of land along the southerly side of her farm

extending from the highway to the reservoir. The deed also contained the following clause: " Also one acre of land out of the above described premises, or so much thereof as the said party of the second part may require for a cottage lot and garden adjoining the premises now used and occupied by him upon the point extending into the lake."

By deed of the same date, Sarah J. Coon conveyed to Jennie A. De Lamater the entire farm, but with the following clause: " Excepting and reserving therefrom a strip of land nine feet wide along the south line of the above described premises and extending from the highway to the lake and cottage lot owned by Doctor Clarence E. Coon, together with one acre of land, or so much thereof as the said Doctor Clarence E. Coon may require for a cottage lot and garden adjoining the premises now used and occupied by him upon the point extending into the lake. The premises hereby reserved being the same premises heretofore conveyed by Sarah J. Coon to Clarence E. Coon, by quit claim deed dated December 1st, 1919."

On July 28, 1923, Clarence E. Coon and wife conveyed to Harold Gluck the said nine-foot strip of land, the deed also including the following clause: " Also, All the Tract or Parcel of land, known and distinguished as about one (1) acre of land out of the above described ' Myron W. Coon property ' bounded and described as follows, viz: On the south, west and north by property of the State of New York according to the blue line of the De Ruyter Reservoir, and joining on the east the above described ' Myron W. Coon property ' of which the premises now conveyed were formerly the extreme southwest corner thereof ", and reciting that the premises so described were the same as conveyed by Sarah J. Coon to Clarence E. Coon by deed of December 1, 1919.

On September 7, 1944, Gluck conveyed to these plaintiffs the premises conveyed to him by Clarence E. Coon, the description of the " one acre parcel " being identical with the description in the deed from Coon to Gluck. However, the Gluck deed to plaintiffs also purported to convey the cottage property on the lake shore which had not been mentioned in the deed from Coon to Gluck. Defendant is, by mesne conveyances, the owner of the property conveyed in 1919 by Sarah J. Coon to Jennie A. De Lamater.

Plaintiffs brought this action for the determination of their title to the acre parcel described in the deeds from Coon to Gluck and from the latter to them, and for an injunction barring defendant therefrom. The case was tried before Hon. WILLIAM

F. Santry, Official Referee, upon whose decision judgment was entered dismissing the complaint and adjudging defendant owner of the land.

Plaintiffs' 1953 survey of the acre of land claimed by them presents an unusual picture of a cottage and garden. It is a far cry from the classic rule that, if a deed calls for a quantity of land merely, without a starting point, it is to be assumed that the grantor intended the land to be in the form of a square. The length of the easterly side of the parcel (arrived at by the engineer solely by computation in order to include an acre) is 635 feet. The total north and south distance of three courses along the blue line is 575 feet. Two hundred and twenty feet from its north end the lot narrows to 27 feet. One hundred and fifty-two feet farther southerly it widens to 57 feet. Its southerly base along the blue line is 211 feet. Its northerly face of 55 feet along the lake on the blue line may, perhaps, be deemed to compensate for its bodily deformities as a cottage or garden plot.

This case poses a novel question, the answer to which is found in the clear terms and intent of the deed of December 1, 1919, from Sarah J. Coon to her son Clarence. She was about to dispose of her farm. To assure her son of access from the highway to his shore cottage, she conveyed to him, absolutely, a strip of land over her property from the highway to the reservoir. As the cottage was on State land, the son might or might not require a cottage site with garden plot on land of his own. She provided for that contingency in the conditional language concerning an acre or lesser quantity of land.

Title to the nine-foot strip of land vested at once in Clarence E. Coon. No title to any portion of the acre vested under the terms of the deed. That parcel of land could not be surveyed by reason of the uncertainty of quantity and location. As an attempted present conveyance of land, the clause in question would have been a nullity were it not for its clear implication that, upon the happening of the condition precedent of a later selection by the grantee, it would effect the vesting in him of title to a parcel of land of then determinate quantity and location. Thus, while the clause in question conveyed no land, it did convey a right of selection to be exercised within the limits of certain expressed conditions. These were that the plot selected was to be so much land, but not more than an acre, as Clarence E. Coon " may *require* for a cottage lot and garden *adjoining* the premises now used and occupied by him upon the point extending into the lake." (Emphasis supplied.)

Further, the right of selection conveyed by mother to son was so limited by the words " as the said party of the second part may require " as to make it a right personal to him alone.

The comment of the court below with reference to the exercise of any act of selection is pertinent: " The evidence clearly shows that neither the grantee (Clarence E. Coon) nor any of his successors in title, including the plaintiffs, ever made such a selection. They never staked out or enclosed any garden or camp site. They never planted or maintained any garden. * * * They never excluded anyone from any part of the farm out of which the selection was to be made, or claimed ownership of any specified parcel. The defendant and his predecessors in title without objection cut hay, put in fill and generally used the area claimed by the plaintiffs."

Plaintiffs contend that Clarence E. Coon exercised his right of selection when he conveyed to Gluck. His deed was ineffective for such purpose. It did not purport to fall within the conditions attached to his right of selection. Sarah J. Coon, in 1919, could hardly have contemplated conveying to Clarence a plot of land shaped and located as is the one now claimed by plaintiffs. Its designation and description by Coon in his deed to Gluck did not accord with the conditions and limitations contained in his mother's deed to him, nor did the deed recite any intention of selection with reference to such limitations. In sum, it was an act of gerrymander for personal advantage rather than an act of selection to supply a personal need, as originally contemplated.

The plaintiffs have failed to show any act or acts of selection on the part of Clarence E. Coon sufficient to constitute the condition precedent to the vesting in him, under the deed of December 1, 1919, from his mother, of title to any portion of the parcel of land which is the subject of this controversy and the title thereto is in defendant.

None of the grounds urged by appellants is sufficient to call for reversal of the judgment, which should be affirmed, with costs.

Foster, P. J., Bergan, Coon and Halpern, JJ., concur.

Judgment affirmed, with costs. [See *post,* p. 977.]