■ EDWARD A. LIPTON et al., Respondents, v. WINFIELD R. BRUCE, Appellant.— There are five separate appeals presently pending in this court between these parties in respect to the same litigation. Plaintiffs appeal from an order of the Supreme Court entered in Madison County on May 21, 1957, setting aside a judgment in favor of plaintiffs and against defendant entered in Madison County on July 24, 1956, and granting a new trial; and from an order denying their motion for reargument of the motion for a new trial; and from an order denying their motion to punish defendant for contempt. Defendant appeals from the judgment entered in Madison County on July 24, 1956, upon a remittitur from the Court of Appeals, and from an order denying his motion to vacate such judgment. This action was originally brought for an injunction and other relief on the theory that defendant was trespassing upon and occupying premises owned by the plaintiffs consisting of " one acre " of land along the shore of De Ruyter Reservoir. The description of this one acre in the original conveyance to a predecessor in title of the plaintiffs was as follows: " Also one acre of land out of the above described premises, or so much thereof as the said party of the second part may require for a cottage lot and garden adjoining the premises now used and occupied by him upon the point extending into the lake." The action was originally tried before Honorable WILLIAM F. SANTRY, Official Referee, who dismissed the complaint as a matter of law and held that the plaintiffs had not title to any " one acre ". This court affirmed. (286 App. Div. 317.) The Court of Appeals reversed (1 N Y 2d 631, 640) the judgment of this court, and the remittitur of the Court of Appeals reads in part as follows: " and the case remitted to Trial Term for further proceedings not inconsistent with the opinion herein." By this time Official Referee SANTRY had retired from the bench. A judgment upon the remittitur describing the " one acre " by metes and bounds was submitted to Justice McAVOY, who had not tried the case and was presumably entirely unfamiliar with it, and the same was signed and entered. The essence of the decision of the Official Referee, affirmed by this court, was that there had been no selection made by the original grantee, and that a conveyance with the above-quoted description was ineffective as a conveyance. The essence of the decision of the Court of Appeals is that a conveyance in 1923 by the original grantee constituted a selection by the grantee. The description in that deed bounded the one acre on three sides by the property of the State of New York, " according to the blue line of the DeRuyter Reservoir." The alleged newly discovered evidence relates to the location of this " blue line ". Neither the trial court nor any court has

made any specific finding definitely locating the blue line or the one acre. Justice McAvoy felt that, inasmuch as the Court of Appeals did not order a new trial, he was without power to take new evidence or conduct a hearing before entering judgment on the remittitur. We think the words "for further proceedings not inconsistent with the opinion herein" authorized such procedure and that evidence as to the exact location and boundaries of the one acre found to be owned by plaintiffs could have been taken for the purpose of entering a proper judgment. However, the order granting a new trial on limited issues accomplishes the same purpose. Moreover, the lower court has determined that there is substantial newly discovered evidence on that very issue. The circumstances outlined in the opinion of Justice McAvoy warrant a new trial within the limitations therein mentioned. The order entered in Madison County on May 21, 1957, setting aside the judgment and granting a new trial, is affirmed, without costs. This renders all the other appeals herein moot and academic, and they are dismissed, without costs. Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ., concur.